IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEVI ARTHUR FEDD,

    Plaintiff,

v.

UNIT MANAGER BYIRD, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-121

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement at Smith State Prison in Glennville, Georgia. Doc. 1. Plaintiff filed suit in the United States District Court for the Middle District of Georgia, and that court transferred the matter to this District. Doc. 5. The Court previously granted Plaintiff leave to proceed *in forma pauperis*. Doc. 8. However, for the reasons that follow, I **VACATE** the December 6, 2018 Order granting Plaintiff leave to proceed *in forma pauperis*, doc. 8, **DENY** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, doc. 2, and **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar

**DISCUSSION**

**I.     Plaintiff's Status as a "Three-Striker"**

Plaintiff previously sought and was granted leave to bring this action *in forma pauperis*. Docs 2, 8.   Under 28 U.S.C. § 1915(g), indigent prisoners are barred from proceeding *in forma pauperis* after filing three meritless actions.   28 U.S.C. § 1915(g); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).   This provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).   "After the third meritless suit," the prisoner may continue to file suits with the court but "must pay the full filing fee at the time he initiates suit."   Dupree, 284 F.3d at 1236. Therefore, when a prisoner seeking *in forma pauperis* status is barred by the three strikes provision, courts should dismiss the complaint without prejudice.   Id.   The only exception is if the prisoner makes a showing of "imminent danger of serious physical injury."   Ingram v. Warden, 735 F. App'x 706 (11th Cir. 2018).

Though the Court previously granted Plaintiff leave to proceed *in forma pauperis*, upon further review, Plaintiff's filing history reveals that he qualified as a "three-striker" under § 1915(g) of the Prison Litigation Reform Act at the time that he filed this suit.   See Fedd v.

---

Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that the R&R served as notice that claims would be *sua sponte* dismissed).   This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed.   As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will conduct a de novo review of properly submitted objections.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

Deal, No. 1:18-cv-58 (M.D. Ga. Jan. 22, 2019) (dismissing based on Plaintiff's status as a three striker).  A review of Plaintiff's filing history reveals that, prior to filing this suit on October 19, 2018, Plaintiff had at least three civil actions or appeals which were dismissed, two for failing to exhaust administrative remedies, and one action dismissed as frivolous.  These dismissals count as strikes under § 1915(g).  These cases are: (1) Fedd v. Singh, No. 16-11805 (11th Cir. Feb 2, 2017) (three judge panel dismissing appeal as frivolous); (2) Fedd v. Holt, No. 1:16-cv-713 (N.D. Ga. Jan. 5, 2017) (dismissal for failure to exhaust administrative remedies);[2] and (3) Fedd v. Almedom, No. 5:15-cv-104 (M.D. Ga. Feb. 12, 2016) (dismissal for failure to exhaust administrative remedies).

Because Plaintiff has filed at least three previously-dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception in § 1915(g).

## II.     Plaintiff's Allegations of Imminent Danger of Serious Physical Injury

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)).  "In determining whether the imminent-danger exception applies, we construe a pro se plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a

---

[2] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 214 (2007); see also Solliday v. Fed. Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (reaffirming the conclusion from Rivera).  A dismissal for failure to exhaust administrative remedies, therefore, counts as a strike under §1915(g).  See Rivera 144 F.3d at 731.

whole." O'Connor v. Warden (O'Connor III), No. 17-14464, 2019 WL 413681, at *1 (11th Cir. Feb. 1, 2019). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting Brown v. Johnson, 387 F.3d 1344, 1349–50 (11th Cir. 2004))); see also Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute").

Though Plaintiff's allegations are difficult to decipher, it appears that Plaintiff is alleging Defendants placed him in administrative segregation in retaliation for his filing complaints against prison staff. Doc. 1 at 3. Plaintiff also appears to allege that Defendants are interfering with his access to legal materials. Id. at 2. Plaintiff asks this Court to issue a preliminary injunction, but exactly what conduct Plaintiff wishes the Court to enjoin is not clear. Id. at 3.

Though Plaintiff included in his Complaint the phrases "irreparable harm," id., and "imminent danger of serious physical injury," id at 1, none of his factual allegations suggest that Plaintiff is in danger of any physical injury, much less that he is imminent danger of serious physical injury. Instead, Plaintiff only complains generally of the conditions of his confinement without showing how these conditions pose any danger to his health. Plaintiff may contest these conditions in this Court, but given his litigation history, he must refile and pre-pay the full filing fee to do so. Dupree, 284 F.3d at 1236 (holding a court should dismiss a complaint without

prejudice when the court determines a prisoner is barred from proceeding *in forma pauperis* by the three strikes provision of § 1915(g)).

Because Plaintiff is subject to the three strikes provision of the Prison Litigation Reform Act and has failed to allege that he is in imminent danger of serious physical injury, I find that Plaintiff is not entitled to proceed *in forma pauperis* in this action. Accordingly, I **VACATE** the Court's December 6, 2018 Order granting Plaintiff leave to proceed *in forma pauperis*, doc. 8, **DENY** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, doc. 2, and **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case.

### III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous

---

[3]    A certificate of appealability is not required in this § 1983 action.

5

and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker," Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, I **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Court's December 6, 2018 Order granting Plaintiff leave to proceed *in forma pauperis*, doc. 8, and **DENY** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, doc. 2. I further **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

6

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of June, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA